UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED WU ENTERPRISES, INC., FORMOSA
SUNRISE CORP., MDTW, INC., WEN J. WU,

       Plaintiffs,

-vs-                 Case No.  2:05-cv-143-FtM-99SPC

MON CHERI BRIDALS, LLC, S. LANG, INC.
d/b/a MON CHERI BRIDALS, INC., and
STEPHEN LANG, individually,

       Defendants.
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

    This matter comes before the Court on the Defendant Mon Cheri Bridal, LLC.'s Motion to Dismiss the Amended Complaint (Doc. #35) filed on July 12, 2006.  On July 31, 2006, the Plaintiff filed a response to the Motion to Dismiss.  On December 8, 2006, the District Court referred the Motion to Dismiss to this Court for a Report and Recommendation (R&R).  On December 18, 2006, the Court granted the Defendant leave to file a reply brief which was granted giving the Defendant up to and including January 2, 2007, to file.  All briefs and replies have been filed and the Motion is now ripe for review.

    The Defendant moves to dismiss the Amended Complaint for improper venue pursuant to Fed. R. Civ. P. 12(b)(3).  The Defendant argues that this case was first filed in the District Court of New

Jersey and therefore, under the first filed rule the instant action should be dismissed.[1] The first filed rule holds that when parties have instituted competing or parallel litigation in separate courts, the court initially having jurisdiction should hear the case. Allstate Insurance Company v. Clohessy, 9 F. Supp. 2d 1314, 1316 (M.D. Fla. 1998). The primary purpose of the rule is to conserve judicial resources and avoid conflicting rulings. Id. The Eleventh Circuit follows the first filed rule. Id. (citing Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu, 675 F.2d 1169, 1174 (11th Cir. 1982)). In the absence of compelling circumstances, the Court initially seized of a controversy should be the one to decide the case. Allstate Insurance Company, 9 F. Supp. 2d at 1316; Supreme International Corporation v. Anheuser-Busch, Inc., 972 F. Supp. 604, (S.D. Fla. 1997) (citing Merrill Lynch, Pierce, Fenner & Smith, 675 F.2d at 1174).

Among compelling circumstances that may justify departing from the rule are instances where one party, on notice of a potential law suit, files a declaratory judgement action in its home forum. Allstate Insurance Company, 9 F. Supp. 2d at 1316 (citing Serco Service Company v. Kelly Co., 51 F.3d 1037, 1039 (Fed. Cir. 1995)). However those circumstances do not automatically compel abandoning the first filed rule. Allstate Insurance Company, 9 F. Supp. 2d at 1316. The matter is one of discretion for the trial court. Id. (citing United States Fire Insurance Co. v. Goodyear Tire & Rubber Co., 920 F.2d 487, (8th Cir. 1990)). "And even if those conditions are present, the first filed action is preferred, even if it is declaratory, unless considerations of judicial and litigant economy, and the just effective disposition of disputes, require otherwise." Allstate Insurance Company, 9 F. Supp. 2d at 1316.

---

[1] The New Jersey case citation is styled 3:04-cv-01739-AET-TJB.

The Plaintiff argues that the first filed rule does not apply to this action because the Defendant Mon Cheri LLC. is not a party to the New Jersey action. The Plaintiff also argues that the Defendant filed an Amended Complaint in the New Jersey action after this case was filed in the Middle District of Florida which the Plaintiff contends does not relate back to the original. Therefore, this action would have to be considered the first filed. The Plaintiff also asserts that this forum is more convenient for all parties involved in this action. And finally, the Plaintiff argues that it has motions to dismiss for lack of jurisdiction pending in the New Jersey Court and consequently it would be inappropriate to dismiss this action.

### *(1) Whether the Defendant Mon Cheri Bridals, LLC. is a Party to the New Jersey Action*

The Plaintiff argues that the parties in this action and the Parties to the New Jersey action are not identical and therefore, the Defendant has failed to establish proper grounds to dismiss under the first filed rule. The Plaintiff argues that Mon Cheri Bridals, LLC. is not now nor ever has been a party in the New Jersey action. However, in his affidavit, Stephen Lang, the principle owner of Mon Cheri Bridals, Inc. and Mon Cheri Bridals, LLC as well as S. Lang, Inc., stated that in May of 2004, he bought all of the shares of Mon Cheri Bridals, Inc. and renamed the corporation S. Lang, Inc. Mon Cheri Bridals, LLC. assumed all of the obligations and liabilities of S. Lang. Therefore, Mon Cheri Bridals, LLC. is in essence the real party in interest in both this action and the New Jersey action even though the New Jersey action is styled Mon Cheri Bridals, Inc. Thus, Mon Cheri Bridals LLC. is a party to this action as well as the case filed in New Jersey.

### *(2) Pending Motions in the New Jersey Court*

The Plaintiff carries the burden of proving compelling circumstances to warrant an exception to the first filed rule in this instance. Manuel v. Convergy's Corp., 430 F.3d 1132, 1135 (11th Cir.

2005) (holding that it's the movant that bears the burden of proving that the first filed rule should not apply). The New Jersey Court denied the Motions to Dismiss for Lack of Jurisdiction on February 3, 2006, (Docs. # 29, 48), and on March 1, 2006, (Doc. # 70). However, in the interval between the filing of this Motion and the New Jersey Court's last ruling denying the Motion to Dismiss, the Plaintiff has renewed its motion (Doc. # 92) in New Jersey to transfer the case to the Middle District of Florida based upon forum non conveniens and/or improper venue. However, the filing of the new Motion to Dismiss in New Jersey does not mean the first filed rule should not apply. The Plaintiff argues that a proposed but not yet ratified settlement between Bernard Kaitz and Mirage Collection changes the landscape enough to have the case transferred to the Middle District of Florida. However, it should be noted that the New Jersey Court has denied the Motion to dismiss on venue and forum non conveniens on three previous occasions. This Court will not make its decision based upon a proposed but not yet completed settlement that may or may not cause the New Jersey Court to reconsider its previous rulings.

The purpose of the first filed rule is to conserve judicial and litigant economy. <u>Allstate Insurance Company</u>, 9 F. Supp. 2d at 1316. In this instance, the New Jersey case is scheduled to go to trial in April of 2007. The issues in the New Jersey forum are almost identical to the Florida action. The Florida case is still in the discovery process, therefore, the New Jersey case is far closer to a resolution of the issues. To allow this action to proceed along side the New Jersey action would be a waste of judicial and litigant economy. Thus, the Plaintiff has failed to provided the Court with the compelling circumstances needed to prevent the first filed rule from prevailing in this case.

### *(3) Whether the Amended Complaint Relates Back to the Original Filing*

The original Complaint was filed in New Jersey on April 15, 2004, and was Amended on October 10, 2005. The Florida Complaint was filed on April 15, 2005. Therefore, the Plaintiff argues that the Florida case is the first filed because the New Jersey Amended Complaint does not relate back to the original April 2004 date.

Fed. R. Civ. P. 15(c) was amended in 1991 to provide broader relation back of pleadings when a Plaintiff seeks to amend its complaint to name a new defendant. Hill v U.S. Postal Service, 961 F.2d 153, 154 (11th Cir. 1992). Under Rule 15(c) an amendment of a pleading relates back to the date of the original pleading when . . . (2) the claim or defense asserted in the amended pleading arose out of the conduct . . . set forth . . . in the original pleading, or (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied . . . . Id. at 155 (citing Fed . R. Civ. P. 15(c)).

Here, the New Jersey Amended Complaint relates back to the original filing date because both cases arise out of the same conduct and circumstances. The Amended Complaint in the New Jersey action seeks damages and injunctive relief against Wen Wu, and United Wu Enterprises, Inc. *et. al.* for allegedly infringing upon Mon Cheri's copyrights and trade dress rights regarding certain social occasion dress designs. The original Complaint sought injunctive relief and damages arising out of the defendant's infringement of the copyrights and trade dress rights owned by the Plaintiff in certain social occasion dress designs. The Amended Complaint sought the same relief but added Formosa Sunrise Corporation, MDTW, Inc. both corporations controlled by Wen Wu and added counts of contributory infringement Count V, and vicarious infringement Count VI. Nevertheless, it is clear that the claims asserted in the amended pleading arose out of the conduct set forth in the original

pleading. Therefore, under Rule 15(c), the Amended Complaint relates back to the date of the original compliant filed on April 15, 2004 and the New Jersey case is the first case filed.

### *(4) Whether the Issues are Essentially the Same in Both Cases*

In the Florida action, United Wu Enterprises, Inc. *et. al.* seeks a declaratory judgment against Mon Cheri for copyright and trade dress infringement relating to dresses distributed by United Wu. While the individual dress style numbers may be different in each of the actions, the substance of the cases and the parties are essentially the same. The Plaintiff argues that the complaints are altogether different because the Florida Complaint contains a claim for torturous interference with a contract and trade libel claims which do not overlap the New Jersey action. However, the Florida claims while somewhat different from the claims made by the New Jersey Defendants Bernard Kaitz and Mirage, Inc. are inextricably intertwined with the New Jersey action and cannot be resolved without a judgement in the New Jersey case.

The primary purpose of the rule is to conserve judicial resources and avoid conflicting rulings. Allstate Insurance Company, 9 F. Supp. 2d at 1316. Given the considerations of judicial and litigant economy, and the just effective disposition of the dispute, the first filed rule takes preference in this case. Therefore, the Court respectfully recommends that the Florida action should be dismissed in favor of the New Jersey action. *See* Hartford Underwriters Insurance Co. v. Foundation Health Services, Inc., 359 F. Supp. 2d 1297, 1299 (M.D. La. 2005) (holding that to avoid duplication a district court may dismiss an action where the issues presented can be resolved in an earlier filed action).

Accordingly, it is now

**RECOMMENDED:**

The Defendant Mon Cheri Bridal, LLC.'s Motion to Dismiss the Amended Complaint (Doc. #35) should be **GRANTED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended at Fort Myers, Florida, this   6th   day of February, 2007.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE


Copies: All Parties of Record